WIGGINTON, Acting Chief Judge.
The co-executors of the last will and testament of William Edwin Ward, deceased, have appealed a final order entered by the County Judge of Volusia County, in probate, which directs distribution of the assets of the estate, and determines that no compensation or fees shall be paid to the co-executors for the services rendered by them in administering the estate. The executors contend that under the circumstances shown by the record the county judge erred in denying them fees or other compensation for services rendered the estate to which they are entitled.
*870 The pertinent statute which provides for the payment of compensation to personal representatives of estates administered under the laws of Florida is as follows:

“Expenses and compensation

“(1) A personal representative shall be allowed all necessary expenses and attorney’s fees paid in the care, management and settlement of the estate. A personal representative shall be allowed commissions upon the amount of the estate, real and personal, accounted for by him as compensation for his ordinary services as follows:
“(a) For the first one thousand dollars at the rate of six per cent; all above that sum and not exceeding five thousand dollars at the rate of four per cent; and all above five thousand dollars at the rate of two and one-half per cent. * * * [1]
One of the co-executors involved in this proceeding is a local resident of Volusia County who was a friend and legal adviser to decedent during his lifetime. The remaining two co-executors are relatives of decedent who reside permanently in England. The administration of the estate was commenced by the filing of the will for probate on November IS, 1961. The record contains more than 340 pages of petitions, reports, orders, and other matters necessarily incident to the complete administration of the estate. The final order appealed was entered pursuant to notice and hearing before the court attended by the local executor and his counsel. The order makes detailed findings concerning the estate, and directs that stipulated sums be paid to the individuals entitled thereto, including compensation for the accountant employed to assist in the accounting procedures incident to the administration, and to counsel for their services in representing the executors. The order recites that a proper instrument has been 'filed in the estate executed by all the beneficiaries and the testamentary trustees waiving the necessitjr for filing a final accounting and the advertisement of notice of filing such final accounting, petition for distribution, and discharge, all pursuant to the provisions of the statute providing for such waiver.[2] The order finds that all estate taxes due both the federal and state governments have been paid, subject only to final adjustment; that all creditors and other charges against the estate have been paid and the beneficiaries have in writing ratified the administration of the estate by the co-executors. The order contains the following provision which has given rise to this appeal: “ * * * and since the executor has stated to the court that he claims no additional compensation as executor, and neither do the co-executors, and consequently no further executors fees or compensation will be allowed.”
Following rendition of the foregoing final order, two of the attorneys representing the executors, who were present at the hearing which culminated in the entry of said order, filed in the proceeding their affidavits in which they aver that at no time prior to the hearing had any petitions or motions been filed on behalf of the executors for an order fixing their compensation for services rendered the estate, nor at the hearing was any statement made to the county judge, either by the local executor personally in attendance or by either of his attorneys, to the effect that the co-executors had elected to waive any compensation or fees to which they might be entitled under the law for services rendered to the estate, nor was the question of executors’ compensation raised before the court in any manner whatever during the hearing.
Following the filing of the foregoing affidavits by the attorneys for the executors, the county judge, on his own motion, scheduled a hearing following which he entered a long and detailed order in which he reaffirmed the holding that at the prior hearing held before him the announcement was made that all co-executors waived any right they *871 may have to claim fees or compensation for services rendered in the administration of the estate. The court held that irrespective of such waiver, the co-executors are now estopped to claim such compensation because they have agreed to the order of distribution in which was included the recitation of their waiver of compensation, and have paid over to two of the co-executors who are named as testamentary trustees in the will that portion of the estate to which they are entitled, which payment has been accepted by such co-executors in their capacities as testamentary trustees under the will.
By the brief filed in this Court on behalf of the co-executors, they argue what they conceive to be the facts revealed by the record brought here for our review. They take the didactic position that the recitation contained in each of the orders entered by the county judge to the effect that they affirmatively waived their right to compensation for services rendered the estate was a result of a mistake, misunderstanding, or inadvertence on the part of the county judge, and that in point of fact no such waiver was .ever made by them.
The recitations contained in an order or decree entered by a trial court come to this Court with a presumption of correctness. The correctness of such recitals and findings may not be attacked by the mere expedient of appealing therefrom and arguing to the contrary unless the record itself contains proof affirmatively establishing the error of which complaint is made. The proceedings conducted by the county judge in this case out of which the questioned order arose were not stenographically reported. The posture of the case before us is that the county judge, by two separate orders, has found certain facts to exist, the existence of which is emphatically denied by the affidavits filed by the attorneys representing the executors, and by the argument made by them in their brief, but not by a record of the proceedings in which the waiver was allegedly made. An appeal from an order such as the one here complained of may not be used as a vehicle for impeaching or otherwise assaulting the findings and conclusions contained in such order under the circumstances shown by the record in this case.' If. the court’s ruling with respect to waiver by the executors of compensation for services rendered was the result of a mistake or misunderstanding, the proper method of securing relief against such ruling is by the orderly proceedings authorized by our rules of practice. The rule by which the executors could properly have sought the relief they ask of this Court on this appeal is the rule relating to relief from judgment, decrees, or orders, and which provides as follows:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: * * * The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court * * ‡ w [3]
The order appealed is accordingly affirmed without prejudice to the right of the executors to proceed in accordance with proper procedure to secure such relief against the order in question as they may deem themselves entitled not inconsistent with the views set forth herein.
CARROLL, DONALD K, and RAWLS, JJ-, concur.

. § 734.01, F.S.A.

. § 734.22, F.S.A.

. Rule 1.38, F.R.C.P., 30 F.S.A.